UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

TERRY L. WILSON, 137914,

    Plaintiff,

    v.                                CASE NO. 2:09-CV-12940

                                      HONORABLE STEPHEN J. MURPHY, III

52ND PROSECUTOR'S OFFICE, et. al.

    Defendants,
_____/

**OPINION AND ORDER DISMISSING
COMPLAINT PURSUANT TO 28 U.S.C. § 1915(g)**

This matter is before the Court on Plaintiff Terry L. Wilson's *pro se* civil rights complaint filed pursuant to 42 U.S.C. § 1983. Mr. Wilson has filed an application to proceed without prepayment of fees and affidavit. Mr. Wilson is a state inmate who is currently confined at the Macomb Correctional Facility in New Haven, Michigan. Upon review of Mr. Wilson's case and his litigation history in the federal courts, this Court concludes that his civil rights complaint must be dismissed without prejudice pursuant to 28 U.S.C. § 1915(g).

**BACKGROUND**

Title 28 U.S.C. § 1914(a) provides that "[t]he clerk of each district court shall require the parties instituting any civil action, suit or proceeding in such court, whether by original process, removal or otherwise, to pay a filing fee of $350 ...." *Owens v. Keeling,* 461 F. 3d 763, 773 (6th Cir. 2006). Mr. Wilson has failed to provide the $350.00 filing fee when he

filed his complaint. The Prisoner Litigation Reform Act of 1995 (PLRA) states that "if a prisoner brings a civil action or files an appeal *in forma pauperis*, the prisoner shall be required to pay the full amount of a filing fee." 28 U.S.C. § 1915(b)(1)(as amended). *See also In Re Prison Litigation Reform Act,* 105 F. 3d 1131, 1138 (6th Cir. 1997). The *in forma pauperis* statute, 28 U.S.C. § 1915(a), does provide prisoners the opportunity to make a "downpayment" of a partial filing fee and pay the remainder in installments. *See Miller v. Campbell,* 108 F. Supp. 2d 960, 962 (W.D. Tenn. 2000).

A search of federal court records indicates that Mr. Wilson has at least eight prior civil rights complaints that have been dismissed by federal courts for being frivolous, malicious, or for failing to state a claim upon which relief could be granted. *See Wilson v. Michigan Parole Board,* No. 92-CV-77258 (E.D. Mich. January 25, 1993) (Cohn, J.); *Wilson v. Taylor,* No. 92-CV-72005 (E.D. Mich. July 31, 1992) (Gilmore, J.); *Wilson v. Taylor,* No. 92-CV-72004 (E.D. Mich. July 31, 1992) (Gilmore, J.); *Wilson v. Taylor,* No. 92-CV-72001 (E.D. Mich. July 31, 1992) (Gilmore, J.); *Wilson v. Brown,* No. 92-CV-71999 (E.D. Mich. July 31, 1992) (Gilmore, J.); *Wilson v. Mich. Dept. of Corrections,* No. 92-CV-60455 (E.D. Mich. January 20, 1993) (LaPlata, J.); *Wilson v. Jabe,* No. 90-CV-73231 (E.D. Mich. November 21, 1990) (Hackett, J.)*; Wilson v. State Prison for Southern Michigan, Grievance Office,* No. 90-CV-70731 (E.D. Mich. March 30, 1990) (Woods, J.).

Subsequent to the dismissal of the last eight of these actions, Mr. Wilson filed three separate § 1983 complaints with this district, which were dismissed pursuant to 28 U.S.C. § 1915(g) on the ground that plaintiff had at least three prior civil rights complaints which had been dismissed for being frivolous. *Wilson v. Oakland County,* No. 02-71215 (E.D. Mich. April 25, 2002) (Tarnow, J.); *Wilson v. Fifty Second District Ct.,* No. 02-71216 (E.D.

Mich. April 25, 2002) (Tarnow, J.); *app. dism.* U.S.C.A. No. 02-1671(6th Cir. November 22, 2002); *Wilson v. Oakland County,* No. 02-71217(E.D. Mich. April 25, 2002) (Tarnow, J.); *aff'd* 49 Fed. Appx. 610 (6th Cir. 2003).

## DISCUSSION

Under the Prison Litigation Reform Act of 1995 ("PLRA"), Pub.L.No. 104-134, 110 Stat. 1321 (April 26, 1996), a federal court may dismiss a case brought *in forma pauperis* if, on 3 or more previous occasions, a federal court dismissed the incarcerated plaintiff's action because it was frivolous or malicious or failed to state a claim for which relief may be granted. *See*, 28 U.S.C. § 1915(g); *Thaddeus-X v. Blatter*, 175 F.3d 378, 400 (6th Cir. 1999). The three strikes provision of the PLRA prohibits a prisoner, who has had three prior suits dismissed for being frivolous, from proceeding *in forma pauperis* in a civil rights suit absent an allegation that the prisoner is in imminent danger of serious physical injury. *28* U.S.C. § 1915(g). A federal district court may raise the three strikes provision of the PLRA on its own initiative. *Witzke v. Hiller*, 966 F. Supp. 538, 539 (E.D. Mich. 1997). Moreover, the federal courts in general, and this Court in particular, can take judicial notice of a plaintiff's prior dismissals for purposes of § 1915(g). *Taylor v. United States,* 161 Fed. Appx. 483, 485-86 (6th Cir. 2005).

In the present case, Mr. Wilson has at least eight prior civil rights complaints which were dismissed for being frivolous, malicious, or failing to state a claim upon which relief could be granted. More importantly, Mr. Wilson was advised by Judge Tarnow on three separate occasions that he was precluded from proceeding *in forma pauperis* in these other civil rights actions pursuant to § 1915(g) because of these prior dismissals. In the last of these cases, the Sixth Circuit affirmed Judge Tarnow's dismissal of Mr. Wilson's complaint

3

pursuant to § 1915(g). *Wilson,* 49 Fed. Appx. at 610-11.

"'An effort to bamboozle the court by seeking permission to proceed *in forma pauperis* after a federal judge has held that § 1915(g) applies to a particular litigant will lead to immediate termination of the suit.'" *Ward v. King,* No. 08-cv-15061, 2009 WL 367859 *2 (E.D. Mich. February 12, 2009) (*quoting Sloan v. Lesza*, 181 F.3d 857, 859 (7th Cir. 1999)). In this case, Mr. Wilson has committed what amounts to a fraud upon this Court by requesting *in forma pauperis* status without revealing that another federal judge has previously precluded him from proceeding *in forma pauperis* pursuant to § 1915(g). *Id.*

Moreover, Mr. Wilson has not alleged any facts which would establish that he is in imminent danger of serious physical injury, and thus, he does not come within the exception to the mandate of 28 U.S.C.§ 1915(g), which prohibits him from proceeding *in forma pauperis* in light of his eight prior frivolity dismissals. *Mulazim v. Michigan Dept. of Corrections,* 28 Fed. Appx. 470, 472 (6th Cir. 2002).

Although Mr. Wilson mentions the imminent danger exception in passing, Mr. Wilson does not offer any specific facts to establish that he is in imminent danger. A district court may deny a prisoner leave to proceed pursuant to § 1915(g) when that prisoner's claims of imminent danger are "conclusory or ridiculous," or are "'clearly baseless' (i.e. are fantastic or delusional and rise to the level of 'irrational or wholly incredible).'" *Rittner v. Kinder*, 290 Fed.Appx. 796, 798 (6th Cir. 2008) (internal quotations omitted). Although Mr. Wilson mentions the imminent danger exception, Mr. Wilson's complaint contains insufficient facts and detail to establish that he is in danger of imminent physical injury. *Id.* Simply put, Mr. Wilson is not entitled to invoke the imminent danger exception to § 1915(g) because he has failed to elaborate on the nature of the threat. *Wilson,* 49 Fed. Appx. at

4

611.

Mr. Wilson's complaint is therefore subject to dismissal pursuant to § 1915(g). Plaintiff may, however, resume any of the claims dismissed under § 1915(g) if he decides to pay the filing fee under the fee provisions of 28 U.S.C. § 1914. *Witzke,* 966 F. Supp. at 540. Since Mr. Wilson has had eight prior cases dismissed against him for being frivolous, malicious, or failing to state a claim, 1915(g) bars him from appealing *in forma pauperis.* 28 U.S.C. § 1915(g). The Court therefore refuses to certify that any appeal from this dismissal would be in good faith.

## ORDER

It is hereby **ORDERED** that Plaintiff Terry L. Wilson's *in forma pauperis* status is **DENIED** and the complaint is **DISMISSED** pursuant to 28 U.S.C. § 1915(g).

It is further **ORDERED AND CERTIFIED** that any appeal taken by Plaintiff would not be done in good faith.

                    s/Stephen J. Murphy, III
                    STEPHEN J. MURPHY, III
                    United States District Judge

Dated:  October 9, 2009

I hereby certify that a copy of the foregoing document was served upon the parties and/or counsel of record on October 9, 2009, by electronic and/or ordinary mail.

                    s/Alissa Greer
                    Case Manager